UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────

JANICE KOLERSKI and BENJAMIN C. HEATH,
Individually and as Co-Executors of the Estate of
Edward A. Heath, Deceased,

                        Plaintiffs,

                                                    **Hon. Hugh B. Scott**

                                                    06CV422S

                v.

                                                    **Order**

UNITED STATES OF AMERICA,

                        Defendant.
─────────────────────────────

        Before the Court are (a) defendant's motion to preclude plaintiffs' expert evidence, compel production of outstanding discovery, and to amend the Scheduling Order to give defendant more time to make its expert disclosure (Docket No. 26[1]) and (b) plaintiff's cross-motion to amend the Scheduling Order (Docket No. 28[2]). Responses to the defendant's motion were due by June 22, 2007, and reply was due by June 29, 2007 (Docket No. 27). To hear both motions together, responses to plaintiff's cross-motion also were due by June 29, 2007 (Docket

---

[1] In support of this motion, defendant submitted counsel's affidavit, with exhibits, Docket No. 26, and attorney's reply affidavit, Docket No. 33, see id. ¶ 2.
    In opposition, plaintiffs filed their cross-motion, Docket No. 28, mainly their counsel's affidavit with exhibits, Docket Nos. 28, 30.

[2] In support of this cross-motion, plaintiffs filed the original version of their counsel's affidavit, with exhibits (including the affidavit of counsel's Information Technology Director, Docket No. 28, Ex. C), Docket No. 28; a corrected attorney's affidavit, Docket No. 30; continuation of exhibit containing expert disclosure, Docket No. 31 (supplement to Docket No. 28, Ex. A).
    In opposition, defendant filed its attorney's affidavit, Docket No. 33, see id. ¶ 2.

No. 29). Both motions were argued on July 20, 2007 (Docket Nos. 27, 29, 32, 34, 35). Since none of these motions is dispositive, cf. 28 U.S.C. § 636(b)(1)(A), although granting defendant's motion may lead to limiting or curtailing plaintiffs' case, these motions will be consider in this Order.

## BACKGROUND

Plaintiffs sued defendant the United States for the alleged negligent medical care of decedent Edward Heath by the Veterans Administration Medical Center. Plaintiffs (Heath's children and co-executors) claim that defendant's negligence resulted in Mr. Heath's death (see generally Docket No. 1, Compl.; Docket No. 6, Am. Compl.). Defendant answered the Amended Complaint (Docket No. 7) and moved for leave to amend that answer (Docket No. 15), apparently without opposition from plaintiffs (see Docket No. 19, Order of Feb. 1, 2007, at 1; see also Docket No. 20, Am. Ans.). Following a Scheduling Conference (see Docket No. 11), the Court entered a Scheduling Order in which plaintiffs' expert disclosure was due by May 16, 2007, defendant's expert disclosure was due by June 1, 2007, and all discovery was to be completed by August 7, 2007 (Docket No. 12).

Defendant then filed its first motion to compel production of initial disclosures, answers to interrogatories, and production of documents (Docket No. 22). Again, it appeared that plaintiffs did not respond to this motion, so the motion was granted (Docket No. 25, Order of May 16, 2007). Plaintiffs were ordered forthwith to produce the sought disclosure and discovery (id.).

On May 31, 2007, defendant filed its second motion (Docket No. 26), seeking to preclude plaintiffs from offering any expert evidence in this case because plaintiffs had not produced their

expert disclosure. Defendant also seeks to compel production of certain outstanding medical, Social Security, and pharmacy authorizations (Docket No. 33, Def. Atty. Aff. ¶ 11(b)). As for the Scheduling Order (see Docket No. 12), defendant moves for a thirty-day extension (or to September 1, 2007) to make its expert disclosure, and extensions for subsequent discovery and scheduling dates to have discovery conclude by November 1, 2007 (Docket No. 26, Def. Atty. Aff. ¶ 33(b); cf. Docket No. 33, Def. Atty. Aff. ¶ 11(d) (seeking expert disclosure by November 1, 2007, or thirty days after plaintiffs' expert disclosure)).

      Plaintiffs cross-moved to deny defendant's motion, to compel defendant to accept plaintiffs' disclosures and expert report (included with the cross-motion, Docket No. 28, Exs. A, B), and to extend the Scheduling Order to have discovery conclude by November 1, 2007, and amend the other Scheduling Order deadlines (Docket No. 30, Pl. Atty. Revised Aff. at fifth unnumbered page, "Wherefore" cls. a, b, c, d). Plaintiffs' counsel claims that she did not receive the electronically filed and served notices, orders, and motions in this action for the first six months of 2007 (Docket No. 30, Pl. Atty. Revised Aff. ¶ 5). According to counsel's information technology director, plaintiffs' counsel had a single dedicated e-mail address for federal filings but that address was not receiving e-mail, and that account last received e-mail about this case on December 2006 (Docket No. 28, Ex. C, Andres Leetmaa Aff. ¶¶ 3, 4, 7). After raising the issue of this e-mail account, on June 1, 2007, the information technology director copied the docket entries and attachments and e-mailed them to counsel at a separate address and, on June 4, fixed counsel's e-mail, which then delivered the electronic notices to her inbox (id. ¶¶ 5, 6, Ex. D). Plaintiffs eventually sent the disclosure and sought discovery to defense counsel by June 19, 2007 (id., Ex. E).

Defendant replies that plaintiffs were aware (or should have been aware) of the deadlines from plaintiffs' attendance at the Scheduling Conference where the Scheduling Order was set forth, despite plaintiffs' counsel's computer difficulties in not receiving Docket Numbers 15 through 27 (Docket No. 33, Def. Atty. Aff. ¶ 4). Their counsel was thus on notice that any extension from those deadlines needed to occur before the disclosure date (id. ¶¶ 4, 5). Defendant argues that plaintiffs were aware of discovery being outstanding from defense counsel's undisputed postal and electronic correspondence with plaintiffs' counsel (Docket No. 26, Def. Atty. Aff. ¶¶ 10, 11, 15, Exs. D, E, G), which plaintiffs' counsel responded to back in March 22, 2007 (id. ¶ 13, Ex. F). Defense counsel continued to write in April 30, 2007, to obtain complete disclosure (id. ¶ 20, Ex. H), and indicated in May 31, 2007, that rescheduled depositions could not go forward until this document production is completed (id. Ex. I). Plaintiffs eventually produced initial disclosure, supplemental answers to interrogatories, and a response to the notice to produce by June 20, 2007, and supplied medical records from Mercy Hospital by June 5, 2007, although plaintiffs' counsel had a set of these records by April 26, 2007 (id. ¶ 18; Docket No. 33, Def. Atty. Aff. ¶ 8). Plaintiffs thus produced discovery in the face of defendant's most recent motion.

Defense counsel (and the Court) was not aware that plaintiffs' counsel was not receiving electronic filings and service until plaintiffs' cross-motion.

**DISCUSSION**

I.      Motion to Preclude

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith

4

conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Even if the opposing party serves the sought discovery in the face of the motion, that party may still be liable for reasonable motion expenses as a sanction, Fed. R. Civ. P. 37(a)(4). If a party fails to obey an Order compelling production, or fails to serve interrogatory answers, that party faces additional sanctions, id. R. 37(b)(2), (d). If that party also fails, "without substantial justification," to disclose initial disclosures, that party may be precluded from using that evidence at trial, id. R. 37(c)(1). Imposition of Rule 37(b)(2) or (d) sanctions for failure to comply with discovery demands or order to compel must be weighed in light of the full record. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979). Rule 37(b)(2) and (d) each call upon the Court to make such orders in regard to disclosure failures as are just. This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under either subdivision of Rule 37. See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999). The rule lists various sanctions including preclusion or dismissal of claims. Fed. R. Civ. P. 37(d), (b)(2)(B) (refusing to allow disobedient party to support claim or defense), (C) (striking pleadings), or (D) (contempt of court for failing to produce witness, as well as payment of opponent's reasonable expenses, and attorneys' fees). This Court has precluded delinquent parties from offering expert opinions in evidence where there has not been timely disclosure, Arnold v. Krause, 232 F.R.D. 58, 67-69 (W.D.N.Y. 2004) (Foschio, Mag. J.) (where plaintiffs was unwilling to proceed with discovery, despite court issuing three scheduling orders, with last order stating that no further amendments would be ordered), aff'd, 233 F.R.D. 126 (W.D.N.Y. 2005) (Arcara, Ch.J.). Disobeying a pretrial Order

has similar sanctions under Rule 16(f), see Coleman v. Dydula, 139 F. Supp. 2d 388, 396-97 (W.D.N.Y. 2001) (Curtin, J.).  Magistrate Judge Foschio, in Arnold, recognized that preclusion of expert testimony in a products liability case is a drastic remedy that should be used "only where the 'party's conduct represents flagrant bad faith and callous disregard for the federal rules,'" Arnold, supra, 232 F.R.D. at 68 (quoting McNerney v. Archer Daniels Midland Company, 164 F.R.D. 584, 587 (W.D.N.Y. 1995) (Heckman, Mag. J.)).

> "In deciding whether to preclude an expert's trial testimony for a party's failure to make timely expert witness disclosures pursuant to a case management order as a sanction under Rule 37(c)(1), courts consider several factors including (1) the reason for the failure to timely disclose, (2) the importance of the testimony, (3) potential prejudice in allowing the testimony, and (4) the availability of a continuance to cure such prejudice.  Potomac Electric Power Co. v. Electric Motor Supply, Inc., 190 F.R.D. 372, 377-78 (D. Md. 1999) (citing cases),"

Arnold, supra, 232 F.R.D. at 68.

      A.      Electronic Service and Notice of Filing

Here, plaintiffs explain that they were not aware of defendant's present motion (or presumably the initial motion to compel or the Order granting that motion) until their counsel had a telephone conversation with defense counsel on June 1, 2007 (Docket No. 30, Pl. Atty. Revised Aff. ¶ 5).  Plaintiffs' counsel stated she had not received e-mail notices of these electronic filings for the past six months.  The issue here is whether plaintiffs can be absolved from not complying with the earlier order that they claim they never received when transmitted electronically through the Court's filing system.  This is an issue of first impression with this Court under its relatively new electronic case filing system.

First, Federal Rule of Civil Procedure 5 governs service and filing of papers, including allowance for electronic filing and service pursuant to local rules, Fed. R. Civ. P. 5(e).  Service is

accomplished electronically by delivering a copy of the papers by electronic means, provided the recipient has consent to electronic service, id. R. 5(b)(2)(D), with service being completed upon transmission, id. But "service by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served," Fed. R. Civ. P. 5(b)(3). The Court Clerk's notice of an Order is sent in the same manner as service under Rule 5(b), Fed. R. Civ. P. 77(d), including by electronic means. Under this Court's Local Civil Rules, transmission of the Notice of Electronic Filing of an Order, notice or other documents by e-mail to registered parties constitutes service upon those parties, W.D.N.Y. Loc. Civ. R. 7.1(k), with that Notice of Electronic Filing (or "NEF") constituting the Rule 77(d) notice from the Court, W.D.N.Y. Admin. Guidelines 2. i. iii. The Administrative Guidelines for this Court's electronic filing system places the onus on the filing user "whose filing is made untimely as a result of a technical failure" to seek appropriate relief from the Court, W.D.N.Y. Admin. Guidelines 2.q., "Technical Failures," but does not address allegations of the failure of electronic service.

      Service by electronic means is distinct from the service by more traditional methods in that the electronic service rules provide for when the sender knows the document did not go through; there is no similar provision excepting documents purportedly served by traditional paper and delivery methods that were not actually received, see 4B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1147, at 448-49 (Civil 3d ed. 2002). Traditionally, non-receipt of the served paper does not affect the validity of the service, see Freed v. Plastic Packaging Materials, Inc., 66 F.R.D. 550, 552 (E.D. Pa. 1975). Rule 5(b)(3) is for when electronic transmission of service actually fails, see Lester v. Harrisburg Sch. Dist., No. 1:CV-

04-2795, 2005 U.S. Dist. LEXIS 38779, at *5, 4-5 (M.D. Pa. Dec. 12, 2005) (rejecting Rule 5(b)(3) as excuse when plaintiff's counsel was away from office and could not access otherwise transmitted service of defense motion); see also Adv. Comm. Notes for Rule 5 (2001) (usual risk borne by party served for non-receipt should not apply where serving party learns that electronically served paper was not received); 1 Moore's Federal Practice, § 5.04[2][c][iii], at 5-32.4 (3d ed. 2006) (discussing 2001 Advisory Committee Note's example of problems with attachments to e-mail as basis for rule's exception). One commentator found that this exception is for the "comparatively rare situation in which the sender knows that service has been ineffective, 'but seeks to act as if service has been made,'" 1 Moore's, supra, § 5.04[2][c][iii], at 5-32.4. Service is effective if the recipient is not cooperative, or fails to turn on her computer, or fails to read the e-mail messages, id. The exception in Rule 5(b)(3) is for complete failure of delivery. When the rule first went into effect, commentators have noted that e-mail is not used as a preferred method for service because at that time there was a lack of confirmation of receipt with that method, thus e-mail service is only allowed pursuant to Court Order, see 4B Federal Practice and Procedure § 1147, 2005 Supp. at 39; but cf. 1 Moore's, supra, § 5.04[2][c][iii], at 5-32.4 (discussing e-mail services with confirmation, receipt or "bounce back" features that note whether a message was actually received).

    The United States District Court for the District of New Jersey faced a similar situation where petitioner's counsel alleged that they did not receive a copy of the electronically filed order dismissing a habeas petition. Counsel learned of the order too late to appeal, even under Fed. R. App. P. 4(a)(6) or Fed. R. Civ. P. 60. Lewis v. Blaine, No. 02-1162, 2005 U.S. Dist. LEXIS

36409 (D.N.J. Dec. 21, 2005). In denying petitioner relief to extend time for his appeal, the court noted that petitioner's motion

> "was premised on the fact that his counsel did not receive an electronic notice of the Court's July 2004 Order (a fact that was rebutted by the Court's own records which show both transmission and receipt). However, in denying Petitioner's motion, this Court need not make a determination whether Petitioner's counsel, Mr. Ruhnke, actually received the electronic notice of this Court's July 2004 Order sent by the Clerk. The Court is prepared to credit Mr. Ruhnke's representation that he never received the Clerk's transmission, nor did he become aware of its contents, until March 28, 2005,"

id. at *18 n.10. The court decided the issue on the timing under Appellate Rule 4(a)(6) and expressly did not address petitioner's contention of not receiving the e-mailed notice, id. at *23.

Here, plaintiffs claim that they were not served with defendant's motions or this Court's Order to compel. The Court's NEF for these motion papers and Order note that they were transmitted to plaintiffs' counsel's designated e-mail address. There is no notice on the senders' part (here defendant and the Court) that plaintiffs did not receive the motion papers and Orders. Under Rule 5(b)(3), this electronic service was not effective as of plaintiffs' counsel's admission that she did not receive the electronic filings if defendant or the Court learned that plaintiffs were not receiving the electronic transmissions. The only notice of any problem with receipt was plaintiffs' later cross-motion (see generally Docket No. 28). Plaintiffs counsel, knowing the Scheduling Order deadlines (such as for plaintiffs' disclosure of expert witnesses by May 16, 2007, cf. Docket No. 12), could have reviewed the docket which would have revealed the filed motions and Orders[3]. She could have checked the docket by means of PACER to see the progress in the apparently dormant action. Had she done so, she would have seen the filed (but

---

[3] For example, a check on May 16, 2007, would have revealed both defendant's initial motion to compel, Docket No. 22, and this Court's Order granting that motion, Docket No. 25.

9

not received) motions and Orders in this case, and possibly avoided the present motion to preclude.

Nevertheless, plaintiffs with this motion did provide the expert disclosure and other discovery sought and stated their intention to supplement that disclosure. Defendant contends there remains outstanding authorizations to obtain medical records from Dr. Kane, decedent's treating physician, Social Security authorizations, and authorizations for pharmacy records (Docket No. 33, Def. Atty. Aff. ¶ 9).

> B. Plaintiffs' Overdue Expert Disclosure

Apart from the electronically served Order and motions, plaintiffs failed to respond to defense correspondence seeking their expert disclosure by producing all the discovery sought (Docket No. 26, Def. Atty. Aff. ¶¶ 10, 11, 15, 20, Exs. D, E, G, H, I; see id. ¶ 13, Ex. F (plaintiffs' counsel's e-mail response to correspondence)). Plaintiffs do not excuse this and only produced in the face of defendant's motion to preclude. Had plaintiffs not produced at a minimum they should have been compelled to do so; as for any outstanding expert disclosure that plaintiffs need to produce, they are **ordered to render their expert reports and expert disclosure** (including such supplementation of already produced disclosure as is required under Rule 26). Defense counsel at oral argument conceded that defendant received the discovery sought but may require complete expert reports.

> C. Appropriate Sanction

Defendant seeks evidence preclusion, namely plaintiffs' expert testimony in a medical negligence-wrongful death claim. Similar to expert testimony in a products liability action, see McNerney, supra, 164 F.R.D. at 587; Arnold, supra, 232 F.R.D. at 68, the remedy of preclusion

of such testimony is drastic. As for disregard of this Court's Order to compel, plaintiffs in effect never received notice of the Order to justify the sanction of preclusion. Applying the four factors from Potomac Electric Power and Arnold, plaintiffs have not articulated a clear reason why they have not produced their expert reports in a timely and complete manner (or sought leave to amend the Scheduling Order and push back their disclosure deadline) save the arguments that they did not receive electronic notices, motions and Orders in this case. As stated above, plaintiffs' expert testimony is crucial to prove their theory as to the cause for Heath's suffering and death. Unlike the defendants in Arnold, supra, 232 F.R.D. at 67, the defendant here has not stated that it has incurred the expense of retaining its expert and conducted fact discovery and that it would be prejudiced if preclusion is not ordered. The availability of an extension of the Scheduling Order (sought by all parties) ultimately cures any prejudice defendant may have due to the delay in this production. Evidentiary preclusion, therefore, is **denied**.

Nevertheless, plaintiffs (with their counsel) shall be sanctioned for not making timely and complete disclosure (only producing what they have to date in the face of defendant's motion to preclude, once plaintiffs became aware of that motion). Ordinarily, plaintiffs would be liable for defendant's motion expenses, including its attorney's fees. The defendant here, however, is the United States of America and is represented by the United States Attorney without an express attorney's fee and other motion expenses for this particular case; defendant has not sought recovery of its motion expenses (but cf. Docket No. 26, Def. Atty. Decl. at 11, seeking "such other and further relief as this Court deems proper"). Monetary sanction of fees and expenses is appropriate here. Absent proof of higher motion costs and equivalent attorney's fees incurred by

defendant, plaintiff (and its counsel, see Fed. R. Civ. P. 37(a)(4)(A), (b)(2), (d)) are liable to defendant for **$250**, a reasonable figure for a motion of this type.

II.     Scheduling Order

    A.     Discovery Scheduling

Both sides seek to amend the Scheduling Order.  Defendant seeks to extend its time to submit its expert disclosure to September 1, 2007 (Docket No. 26, Def. Atty. Aff. at 11), and both sides wish to have all discovery conclude by November 1, 2007, and extend the balance of the pretrial schedule for this action (Docket No. 26, Def. Atty. Aff. at 11; 30, Pls. Revised Aff. at fifth unnumbered page).  At oral argument, defendant sought a specific deadline for plaintiffs to complete their expert disclosure.  These motions are **granted**.  Plaintiffs have until **August 17, 2007**, and defendant has until **September 1, 2007**, to submit their respective expert disclosures, and, as requested, all discovery shall conclude by **November 1, 2007**.  The conclusion of this Order lists the other Scheduling Order dates.

    B.     ADR and a Court Settlement Conference

During the July 20, 2007, argument of these motions, the parties sought a Court settlement conference after discovery has been commenced (see Docket No. 35).  The Scheduling Order in this case set forth the deadlines for commencing and concluding mediation under the Court's pilot Alternative Dispute Resolution ("ADR") program (Docket No. 12).  As later amended (Docket No. 18), the first mediation session was to begin by April 30, 2007, and mediation to conclude by August 7, 2007, when discovery was scheduled to be completed (Docket Nos. 12, 18).  The parties met with a mediator on April 26, 2007, and the mediator

reported that the case had not settled and further mediation was available upon the request of the parties or on the Court's direction (Docket No. 24).

The ADR plan requires additional mediation sessions to be held before the mediator that held the initial session, W.D.N.Y. ADR Plan § 4.3(B)(1), unless the parties stipulate otherwise, id. § 4.3(B)(2), or one party moves to opt out of the ADR program, see id. § 2.2. Therefore, while the period for mediation remains open, a Court settlement conference is not possible and the Court will **not** hold a settlement conference in September as indicated in the minutes for the argument of these motion s (cf. Docket No. 35). Since the discovery deadlines (with other deadlines) will be extended, the referral to mediation now shall termination on **February 29, 2008**.

III.    ADR and Confidentiality

One final note. Plaintiffs in their cross-motion discussed their position before the Alternative Dispute Resolution ("ADR") mediator and their view of the status of the discussions before the mediator (Docket No. 30, Pls. Atty. Aff. ¶ 3). As aptly noted by defendant (Docket No. 33, Def. Atty. Aff. ¶ 10), under this Court's ADR Plan, "Mediation is confidential and private. No participant in the mediation process or any portion thereof may communicate confidential information acquired during mediation without the consent of the disclosing party," W.D.N.Y. ADR Plan § 5.10(A). "No communication made in connection with or during any mediation session may be disclosed or used for any purpose including impeachment in any pending or future proceeding in the Court," id. § 5.10(A)(3). Further, the Court generally is not to be informed of what occurred within mediation, aside from general statement of whether the case has settled or not, whether further mediation sessions are planned or scheduled, and

reporting for statistical and administrative purposes for the pilot ADR project, see id. § 5.10(A)(2), (4)[a], [c].

Defendant asks that the Court disregard plaintiffs' representations about positions taken and what occurred during the mediation (Docket No. 33, Def. Atty. Aff. ¶ 10), which this Court shall do.  Details surrounding the status of the mediation or the positions taken by plaintiffs or defendants therein have no bearing on the results reached on these motions.  Parties, particularly plaintiffs, are reminded of the confidential nature of the mediation process.

## CONCLUSION

For the reasons stated above, defendant's motion to preclude (Docket No. 26) is **granted in part** to compel production of plaintiffs' expert disclosure, but **denied** its motion to preclude that expert testimony.  Plaintiffs and their counsel shall pay a sanction to defendant of **$250**.

The portion of defendant's motion to extend the Scheduling Order (id.) is **granted**. Plaintiffs' cross-motion (Docket No. 28) to extend the Scheduling Order is also **granted**. Plaintiffs' expert disclosure is due by **August 8, 2007**; defendant's expert disclosure is due by **September 1, 2007**; all discovery shall conclude on or before **November 1, 2007**.  Dispositive motions shall be due on or before **January 30, 2008**.  Referral of this action to mediation shall not terminate on **February 29, 2008**.  If no such motions are filed, pretrial statements are due **March 31, 2008**.  The dates for the final pretrial conference before Judge Skretny and beginning

of trial shall be reset in a separate Order.  The parties' request for a Court settlement conference shall be considered in another separate Order.

So Ordered.

/s/ Hugh B. Scott<br>Honorable Hugh B. Scott<br>United States Magistrate Judge

Dated: Buffalo, New York
August 13, 2007